IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF ALABAMA
                              SOUTHERN DIVISION

| NKOSI CHAMBERLAIN, | ) |
| --- | --- |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 17-00425-CG-N |
| | ) |
| STATE OF ALABAMA, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATIONS

Petitioner Nkosi Chamberlain, an Alabama pretrial detainee proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] *See* S.D. Ala. GenLR 72(b); (09/22/2017 electronic referral).

Petitioner is currently detained in the Pike County Jail, in Troy, Alabama. (Doc. 1 at 1). The Court takes judicial notice of the fact that the Pike County Jail is located in Troy, Alabama, which is not within the Southern District of Alabama. 28 U.S.C. § 81(c). Pike County, Alabama is located in the Northern Division of the

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not" brought under 28 U.S.C. § 2254.).

Middle District of Alabama. 28 U.S.C. § 81(b)(1).[2]

"Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States,* 941 F.2d 1488, 1495 (11th Cir.1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). Accordingly, this Court is not the proper venue for Petitioner's § 2241 petition. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Rather than recommending dismissal, the undersigned finds that, in the interests of justice, this action should be transferred to the United States District Court for the Middle District of Alabama (Northern Division). It is so recommended.[3]

## **Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

---

[2] Pursuant to 28 U.S.C. § 81(b)(1), "[t]he Northern Division [of the Middle District of Alabama] comprises the counties of Autauga, Barbour, Bullock, Butler, Chilton, Coosa, Covington, Crenshaw, Elmore, Lowndes, Montgomery, and Pike….").

[3] In this case, it appears that the proper respondent may be Pike County Sheriff Russell Thomas or Pike County Jail Administrator Kelley Barron. This information was gathered from http://www.pikecountyalsheriff.com/page.php?id=1, last visited September 25, 2017.

2

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 25th day of September 2017.

                                       */s/ Katherine P. Nelson*
                                       **KATHERINE P. NELSON**
                                       **UNITED STATES MAGISTRATE JUDGE**